Filed 5/14/13  Hamilton v. Morelock CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL C. HAMILTON, | F066326 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 11CECG02801) |
| CORRECTIONAL OFFICER MORELOCK, | **OPINION** |
| Defendant and Respondent. | |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Kristi C. Kapetan, Judge.

Paul C. Hamilton, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

---

\*       Before Wiseman, Acting P.J., Cornell, J. and Kane, J.

## STATEMENT OF THE CASE AND FACTS

Appellant Hamilton, a prisoner in pro. per., filed a complaint in the Fresno County Superior Court against four correctional officers alleging a violation of the Bane Act (Civ. Code, § 52.1). Defendants filed a demurrer. The superior court issued a tentative ruling sustaining the demurrer without leave to amend as to three of the defendants and granting leave to amend as to the remaining defendant. The court granted appellant 30 days' leave to file and serve a second amended complaint stating a claim against one of the correctional officers for assault and battery, a cause of action not originally alleged. Appellant filed a document indicating he declined to amend the complaint. Thereafter, on October 4, 2012, the court formally adopted the tentative ruling stating that "No further order is necessary." According to the Fresno County Superior Court docket, no final judgment has been entered.

This court issued a briefing order granting appellant time to explain why this court should not dismiss his appeal for lack of a judgment or appealable order. Appellant submitted a letter brief claiming that "because all of the claims made by appellant were disposed of by the court's sustaining defendant's demurrer, where no further order was necessary per the court, and none received by appellant, accordingly such an order was appealable …. ¶ Furthermore, because the order itself dismissed defendants Lyman, Carr, and Myers, which is fewer than all defendants from the action, such an order under the law is appealable."

## DISCUSSION

An order sustaining a demurrer, whether with or without leave to amend, is not appealable; appeal is proper only after entry of a dismissal on such an order. (*Sisemore v. Master Financial, Inc*. (2007) 151 Cal.App.4th 1386, 1396.)

The appeal in the above entitled action is dismissed on the ground appellant attempts to appeal from an order sustaining a demurrer, with leave to amend as to one of

the defendants. Such an order is not appealable and this court declines to deem the order to incorporate a judgment of dismissal. Appeal is proper only after entry of a judgment of dismissal. (*Sisemore v. Master Financial, Inc., supra,* 151 Cal.App.4th at p. 1396.)

## **DISPOSITION**

The appeal from the order sustaining the demurrer is dismissed. Appellant's remedy is to secure a final judgment and to file a timely notice of appeal from the judgment.